## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| CAROLYN BRIDGES and DANNY COLLINS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE BLACKSTONE GROUP INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:21-cv-1091 |

### NOTICE OF REMOVAL

Defendant The Blackstone Group Inc.[1] ("Blackstone") hereby removes this putative class action from the Circuit Court of St. Clair County, Illinois to the United States District Court for the Southern District of Illinois.  In this action, Plaintiffs Carolyn Bridges and Danny Collins (collectively "Plaintiffs") bring one count on behalf of themselves and a putative class.  This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists, the proposed class exceeds 100 members (Ex. 1, Compl. ¶ 39), and the maximum amount in controversy is alleged to exceed $5 million.  *See* 28 U.S.C. §§ 1332, 1441, 1446, 1453(b).

### I.    GROUNDS FOR REMOVAL

1.     Plaintiffs bring a putative class action alleging that somehow, Blackstone, through its acquisition of Ancestry.com DNA LLC ("Ancestry"), "violated 410 ILCS 513/15(a), 410 ILCS 513/30(a), and 410 ILCS 513/35 of GIPA" (*i.e.*, the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*.).  (Ex. 1, Compl. ¶ 22.)

---

[1]     As of August 6, 2021, The Blackstone Group Inc. is now "Blackstone Inc."

2.      This Court has jurisdiction under CAFA over putative class actions in which (1) minimal diversity exists; (2) the proposed class consists of at least 100 members; and (3) the amount in controversy exceeds $5 million.  *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 1332(d)(5)(B) (requiring at least 100 members in a proposed class); 1453(b) (permitting removal of class actions under section 1446); and 1446 (permitting removal).

3.      *First*, minimal diversity exists because at least one "member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  Here, both Plaintiffs allege they are citizens of Illinois.  (Ex. 1, Compl. ¶¶ 15, 16.)  Under § 1332, corporations are considered citizens of their state of incorporation and their principal place of business.  28 U.S.C. § 1332(c)(1).  Blackstone is incorporated in Delaware, and its principal place of business is in New York City, New York.  (Ex. 1, Compl. ¶ 17.)

4.      *Second*, Plaintiffs purport to bring this action on behalf of a statewide set of individuals, which they claim includes "thousands, or potentially hundreds of thousands, of persons."  (Ex. 1, Compl. ¶ 39.)  Accordingly, the proposed class, as alleged, exceeds 100 members and thus meets CAFA's requirement.  28 U.S.C. § 1332(d)(5)(B).

5.      *Third*, the amount in controversy plausibly "exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated."  28 U.S.C. § 1332(d)(6).  Defendant need only show that there is a "reasonable probability that the stakes exceed" $5 million.  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d

446, 449 (7th Cir. 2005).  The amount in controversy "is a pleading requirement, not a demand for proof."  *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (internal citation omitted).  "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."  *Id*. at 764 (citation omitted).

6.      Here, the complaint alleges statutory damages of $15,000 for each willful and/or reckless violation of GIPA.  (*See, e.g.*, Ex. 1, Compl. ¶ 50.)  Thus, even if Plaintiffs' lawsuit is read to allege just one statutory violation per class member, multiplying that amount by only 1,000 class members (as alleged), the stakes easily exceed $5,000,000 (1,000 x $15,000 = $15,000,000).  *See Blomberg*, 639 F.3d at 763 (holding "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence").

## II.      COMPLIANCE WITH REMOVAL STATUTE

7.      Finally, the procedural requirements for removal have been satisfied.  First, the notice of removal must be filed within 30 days of service of the complaint on Blackstone.  28 U.S.C. § 1446(b)(1).  Blackstone was served with the Complaint on August 4, 2021.  (Ex. 2, 8/4/2021 Service of Process.)  Thus, the deadline for Blackstone's removal is September 3, 2021.

8.      In addition, all process, pleadings, and orders that have been filed in the Circuit Court of St. Clair County are attached hereto pursuant to 28 U.S.C. § 1446(a).   (Ex. 1, Compl.; Ex. 3, Mot. for Class Certification.)  Blackstone will provide written notice of this notice to counsel for Plaintiffs, and it is also filing a copy of this notice with the clerk of the Circuit Court of St. Clair County.  28 U.S.C. § 1446(d).

Dated: September 2, 2021                  Respectfully submitted,

By:     */s/ Martin L. Roth*
        Martin L. Roth
        Alyssa C. Kalisky
        Amelia H. Bailey
        KIRKLAND & ELLIS LLP
        300 North LaSalle
        Chicago, IL 60654
        Tel: (312) 862-2000
        Fax: (312) 862-2200
        martin.roth@kirkland.com
        alyssa.kalisky@kirkland.com
        amelia.bailey@kirkland.com

        *Counsel for The Blackstone Group Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of September, 2021, I caused a copy of the foregoing Notice of Removal to be filed through the Court's CM/ECF System and served the below Counsel of Record via First Class U.S. Mail and electronic mail:

Gregory L. Shevlin
COOK, BARTHOLOMEW, SHEVLIN,
COOK & JONES, LLP
12 West Lincoln St.
Belleville, IL 62220
(618) 235-3500
gls@cbsclaw.com

Gary M. Klinger
MASON LIETZ & KLINGER LLP
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
(202) 429-2290
gklinger@masonllp.com

Jonathan M. Jagher
FREED KANNER LONDON &
MILLEN LLC
923 Fayette Street
Conshohocken, PA 19428
(610) 234-6487
jjagher@fklmlaw.com

Brian M. Hogan
FREED KANNER LONDON &
MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
(224) 632-4500
bhogan@fklmlaw.com

Katrina Carroll
CARLSON LYNCH, LLP
111 W. Washington Street, Suite 1240
Chicago, IL 60602
(312) 750-1265
kcarroll@carlsonlynch.com

*Counsel for Plaintiffs*

*/s/ Martin L. Roth*
Martin L. Roth
